IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL BETARIE,  )
      Plaintiff,  )
  -vs-  )  Civil Action No. 14-1646
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
      Defendant.  )

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Michael Betarie ("Betarie") filed an application for supplemental security income ("SSI") on April 16, 2010 alleging a disability beginning December 31, 2001,[1] due to, among other things, bipolar disorder, chronic obstructive pulmonary disease ("COPD"), post-traumatic stress disorder, depression, type II diabetes, high cholesterol and acid reflux. (R. 17) The claim was denied initially on August 25, 2010. (R. 17) The Appeals Council subsequently remanded the matter after being unable to locate the hearing record. (R. 17) The ALJ held a *de novo* hearing on June 24, 2013. (R. 645-695) The ALJ issued an unfavorable decision. (R. 17-38) A vocational expert appeared and testified. (R. 23) The Appeals Council subsequently denied Betarie's request for review. He then appealed to this Court.

Before the Court are Cross-Motions for Summary Judgment. (Docket Nos. [11] and [15]). Both parties have filed Briefs in Support of their Motions and Betarie has filed

---

[1] At the administrative hearing, Betarie's counsel amended Betarie's alleged onset date to April 16, 2010 after his last application for disability benefits was denied.

1

a Reply Brief. (Docket Nos. [12], [16] and [19]) After careful consideration of the submissions of the parties, and based on my Opinion set forth below, the ALJ's decision is vacated and the case is remanded for further consideration.

I. **BACKGROUND**

Betarie was born in 1967, making him 43 years old at the time he filed his application. (R. 110) As such, he is considered to be a "younger person" under the Commissioner's guideline. 20 C.F.R. § 416.963(c). He attended school through the ninth grade and did not attend any special education or specialized job training classes. (R. 115) His job experience consists of working as a dishwasher at a restaurant and as a laborer for a brick and block company, a home improvement company and for a landscaping company. (R. 115) Betarie indicated that he quit his prior jobs because he got "fed up" with the routine of them. (R. 656) He did not get fired. He lives alone with a cat. (R. 652) Betarie has a driver's license and does drive. (R. 652)

As stated above, the ALJ concluded that Betarie has not been under a disability within the meaning of the Social Security Act since April 16, 2010. (R. 19) Specifically, the ALJ determined that Betarie's diabetes mellitus; COPD; obesity; bipolar disorder / depressive disorder; schizotypal / paranoid personality disorder; posttraumatic stress disorder; intermittent explosive disorder; and polysubstance dependence constituted severe impairments, but that those impairments did not meet or medically equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 19-22) The ALJ further concluded that Betarie had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 416.967(c) with certain limitations. (R. 22-36) Ultimately, the ALJ concluded that Betarie was capable of performing his past relevant

2

work as a dishwasher. (R. 36) Consequently, the ALJ denied his claim.

Betarie challenges the ALJ's decision in several respects. For the reasons set forth below, I find that a remand is necessary.

## II. LEGAL ANALYSIS

### A) Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42

U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P. appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B) Discussion**

Betarie raises several arguments in opposition to the ALJ's findings but I will limit my discussion to one in particular – the ALJ's determination that Betarie was non-

4

compliant with his treatment. [2] According to Betarie, finding him to be non-compliant was only the first step of the inquiry, the ALJ should then have assessed whether there were "good reasons" for a failure to follow the prescribed treatment. Betarie asserts that the ALJ never analyzed whether good reasons existed.

I agree with Betarie that the ALJ did make repeated findings that he was non-compliant with prescribed treatments.[3] For instance, with respect to the opinions offered in support of Betarie's claim of disability by several of his treating medical practitioners, the ALJ found that Ankrom's, Crabtree's and Yaquinto's "conclusions of substantial and debilitating limitation are not supported by the full longitudinal record, and have been accorded limited weight for a number of reasons." [R. 32] In particular, the ALJ explained that "the treatment history reveals the claimant to be **non-compliant with the recommendations of his healthcare providers including refusing therapy, case management, and for much of the relevant period of time refusing the recommendation to be prescribed mood stabilizers**." [R. 32] (emphasis added). As to another provider, Patel, the ALJ accorded "some weight" to his findings. [R. 34] However, the ALJ rejected Patel's opinion that Betarie's ability to maintain regular attendance and be punctual within customary tolerance was poor. The ALJ reasoned that Betarie's medical history demonstrated that he was "**non-compliant with many recommendations of his providers**" and that some of the examinations and reports demonstrate that Betarie has greater functionality than alleged. [R. 34] (emphasis added). Indeed, the ALJ repeatedly stressed Betarie's non-compliance as a reason for

---

[2] Betarie's challenges on appeal are limited to the ALJ's finding regarding his mental impairments rather than his physical impairments. Accordingly, I will confine my review to Betarie's mental impairments.
[3] I cannot discern from the ALJ's decision whether she would have denied benefits independent of her findings regarding non-compliance.

5

denying benefits. *See* [R. 34] (stating, "although the statements of the claimant's stepmother appear compelling, the undersigned has accorded limited weight to these conclusions due to the claimant's history of non-compliance and the above reported activities.") [R. 35] (stating that "[f]urthermore, the claimant was noted to have a history of non-compliance and on numerous occasions throughout the treatment history declined his mental health treatment provider's recommendations of mood stabilizing medication.").

Certainly, in order to receive benefits, a claimant must follow prescribed treatment if such treatment can restore that claimant's ability to work. *See* 20 C.F.R. § 416.930(a). When a claimant fails to follow a prescribed treatment without a good reason, the claimant will be found "not disabled." *Id*, § 416.930(b). It is the phrase "without a good reason," that causes me concern. Section 416.930(c) contemplates "acceptable reasons" for a failure to follow prescribed treatment." I recognize that the listed examples (contrary to religious beliefs, cataract surgery, previous unsuccessful surgery, et cetera) do not reference mental impairment. Nevertheless, I agree with Betarie that case law supports such a broad interpretation. *See Sharp v. Bowen*, 705 F. Supp. 1111, 1124 (W.D. Pa. 1989) (stating that "[w]e hold that in determining whether a claimant with a mental impairment has reasonably refused treatment, the question is whether he has justifiably refused in light of his psychological, social or other individual circumstances. We believe that this rule makes sense. An individual with a severe mental impairment quite likely lacks the capacity to be "reasonable." In addition, that individual may not have the same capacity to assess the risks and benefits of prescribed treatment as someone who is not affected by such an impairment."). *See*

*also*, *Pates-Fires v. Astrue*, 564 F.3d 935, 945 (8th Cir. 2008) (stating that "federal courts have recognized a mentally ill person's noncompliance with psychiatric medications can be, and usually is, the 'result of [the] mental impairment [itself] and, therefore, neither willful nor without a justifiable excuse.'"), *quoting, Mendez v. Chater*, 943 F. Supp. 503, 508 (E.D. Pa. 1996); *Frankhauser v. Barnhart*, 403 F. Supp.3d 261, 278 (W.D. N.Y. 2005) (stating that, "[c]ourts considering whether a good reason supports a claimant's failure to comply with prescribed treatment have recognized that psychological and emotional difficulties may deprive a claimant of 'the rationality to decide whether to continue treatment or medication."); *Little v. Astrue*, Civ. No. 11-1895, 2013 WL 943726 (E.D. MO 2013) (*citing Sharp v. Bowen*, 705 F. Supp. 1111 (W.D. Pa, 1989) and remanding the case with instructions to the ALJ to "determine whether "Plaintiff's noncompliance is willful or a medically determinable symptom of his mental impairments," and stating that a "[f]ailure to make this critical distinction, despite evidence in the record supporting involuntary noncompliance, requires remand.") I believe that, here, it was incumbent upon the ALJ to determine whether Betarie's mental impairment impacted his noncompliance. The record does not establish that the ALJ considered any explanation for Betarie's noncompliance with the prescribed treatment regimen. Consequently, a remand is necessary. Upon remand, the ALJ must consider whether Betarie's noncompliance with the recommendations of his providers was the result of his mental impairment and, therefore, a justifiable or reasonable refusal of treatment in light of his individual circumstances.

Because I find that remand is necessary on the issue of Betarie's non-compliance, it is not necessary to address the remaining arguments at this time.

7

### III. **CONCLUSION**

After a thorough review of the record and careful consideration of Betarie's arguments, I find that the decision rendered below should be reversed and remanded for further consideration.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL BETARIE,                )
                                )
        Plaintiff,               )
                                )
   -vs-                          )          Civil Action No. 14-1646
                                )
CAROLYN W. COLVIN,               )
COMMISSIONER OF SOCIAL SECURITY, )
                                )
        Defendant.               )

AMBROSE, Senior District Judge.

# ORDER OF COURT

Therefore, this 6th day of October, 2015, it is ORDERED that the Plaintiff's Motion for Summary Judgment (Docket No. 11) is granted and the Defendant's Motion for Summary Judgment (Docket No. 15) is denied.

It is further ORDERED that the decision of the Commissioner of Social Security is hereby VACATED and this case is REMANDED for further consideration.

            BY THE COURT:

            /s/ Donetta W. Ambrose
            Donetta W. Ambrose
            United States Senior District Judge